UNITED STATES DISTRICT COURT

DISTRICT OF ARIZONA

| | |
|---|---|
| JuJuan Gibson,<br>            Petitioner,<br>v.<br>R. Bock, et al.,<br>            Defendants. | CV 13-1548-TUC-DCB<br><br>**ORDER** |

This matter was referred to Magistrate Judge D. Thomas Ferraro, pursuant to Rules of Practice for the United States District Court, District of Arizona (Local Rules), Rule (Civil) 72.1(a). On March 27, 2015, he issued a Report and Recommendation (R&R), recommending that the Court dismiss the Petition for Writ of Habeas Corpus.

Gibson's habeas Petition challenges his incarceration related to his conviction by a jury in the Superior Court of Pima County on two counts of armed robbery, two counts of aggravated assault and one count of aggravated robbery. He was sentenced on June 14, 2010, to concurrent sentences, the longest of which was 7.5 years.

On direct appeal, counsel filed a brief based on *Anders v. California*, 386 U.S. 738 (1967). An *Anders* brief explains to the appellate court why counsel has concluded after a conscientious review of the record that an appeal is wholly without merit and why counsel should be given permission to withdraw. The *Anders* brief must also refer to anything in the record that might arguably support the appeal. *United States v. Griffy*, 894 F.2d 561, 562 (1990) (citing *Anders*, 383 U.S. at 744.) The Arizona Court of Appeals gave Petitioner Gibson the opportunity to file a supplemental *pro se* brief, which he failed to do. The

Arizona Court of Appeals found substantial evidence supported his convictions and affirmed the sentences as lawful.

On September 14, 2010, Gibson filed a Notice of Post Conviction Relief (PCR). Again appointed counsel informed the Court there were no meritorious issues, and Petitioner was afforded an opportunity to file the PCR *pro se*, which he did. On **December 14, 2011**, the PCR was denied in part because some claims were precluded and in part some claims were denied on the merits.

On **January 12, 2012**, Gibson requested an extension for filing a petition for review, i.e., an appeal of the denied PCR petition. The court granted an extension to file the appeal until **February 10, 2012.** On **January 18, 2012**, Gibson requested an extension to file a motion for reconsideration from the denial of the PCR. The court granted an extension to file the motion for reconsideration until **February 27, 2012.**

Gibson filed for reconsideration on **January 31, 2012**. On February 1, the PCR court construed it as a motion for rehearing and dismissed it as untimely, pursuant to Rule 32.9 which requires a motion for reconsideration to be filed within 15 days after the ruling of the court. In that same order, the PCR court reaffirmed the February 10 deadline for him to file his appeal. Instead, Gibson filed a motion for correction, arguing that his motion for reconsideration was not untimely because he had been given until February 27 to file it. His request was denied. On **March 26, 2012**, Gibson filed the petition for review, which the court of appeals denied as untimely because it was not filed within the 30-day time limit. He requested reconsideration of the determination that the petition for review was untimely, and reconsideration was denied. Gibson subsequently filed a "Writ of Coram Nobis, Writ of Error," which the superior court construed as a successive PCR petition and denied it. The appellate court granted review but denied relief. Gibson's petition for review to the Arizona Supreme Court was denied as untimely. (R&R (Doc. 24) at 3 (citations to the record omitted).

The Court repeats the above procedural record outlined in the R&R in even greater detail because Petitioner's Claim 1, while couched in terms of ineffective assistance of

counsel (IAC) is really a continuation of his arguments that his PCR appeals were timely and he seeks to have his PCR proceedings reinstated. As noted by the Magistrate Judge, "alleged errors in the PCR process are not cognizable in a federal habeas corpus proceeding because they do not attack the lawfulness of a petitioner's detention." (R&R at 6 (citing *Franzen v. Brinkman*, 877 F.2d 26, 26 (9th Cir. 1989) (per curiam); *Gerlaugh v. Stewart*, 129 F.3d 1027, 1045 (9th Cir. 1997)). The Court agrees that Petitioner's Claim 1 is not a cognizable habeas claim.

Additionally, the Magistrate Judge recommended that his claim of ineffective assistance of counsel in Claim 2 be dismissed because he failed to support an assertion of actual innocence. The Magistrate Judge recommended that three of the ineffective assistance of counsel claims in Claim 3 be denied on the merits and two be denied on procedural grounds. He recommended that Claim 4 be denied because Petitioner makes only conclusory allegations and any claim of a due process violation while technically exhausted is procedurally defaulted. The Court accepts and adopts the Magistrate Judge's R&R as the findings of fact and conclusions of law of this Court and denies the Petition for Writ of Habeas Corpus.

## STANDARD OF REVIEW

The duties of the district court in connection with a R&R by a Magistrate Judge are set forth in Rule 72 of the Federal Rules of Civil Procedure and 28 U.S.C. § 636(b)(1). The district court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." Fed.R.Civ.P. 72(b); 28 U.S.C. § 636(b)(1). Where the parties object to a Report and Recommendation, "'[a] judge of the [district] court shall make a *de novo* determination of those portions of the [R&R] to which objection is made.'" *Thomas v. Arn,* 474 U.S. 140, 149-50 (1985) (quoting 28 U.S.C. § 636(b)(1)).

This Court's ruling is a *de novo* determination as to those portions of the R&R to which there are objections. 28 U.S.C. § 636(b)(1)(C); *Wang v. Masaitis,* 416 F.3d 992, 1000 n. 13 (9th Cir.2005); *United States v. Reyna-Tapia,* 328 F.3d 1114, 1121-22 (9th Cir.2003) (*en banc)*. To the extent that no objection has been made, arguments to the contrary have been

waived. Fed. R. Civ. P. 72; *see* 28 U.S.C. § 636(b)(1) (objections are waived if they are not filed within fourteen days of service of the R&R), *see also McCall v. Andrus*, 628 F.2d 1185, 1187 (9th Cir. 1980) (failure to object to Magistrate's report waives right to do so on appeal); Advisory Committee Notes to Fed. R. Civ. P. 72 (citing *Campbell v. United States Dist. Court*, 501 F.2d 196, 206 (9th Cir. 1974) (when no timely objection is filed, the court need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation)).

The parties were sent copies of the R&R and instructed that, pursuant to 28 U.S.C. § 636(b)(1), they had 14 days to file written objections. *See also,* Fed. R. Civ. P. 72 (party objecting to the recommended disposition has fourteen (14) days to file specific, written objections). The Court has considered the objection filed by the Petitioner, and the parties' briefs considered by the Magistrate Judge in deciding the Petition for Writ of Habeas Corpus.

**OBJECTIONS**

Claim 1:   To the extent Petitioner asserts that counsel was at fault in some respect to the PCR proceedings, as noted in detail above and by the Magistrate Judge, Petitioner filed the PCR, subsequent, to his attorney filing an *Anders* brief. Petitioner mislabels Claim 1 as an ineffective assistance of counsel claim. He alleges an error in the PCR proceedings, which as noted above is not a cognizable habeas claim.

Claim 2:   Petitioner argues that trial counsel and the trial court committed constitutional error because he is an innocent person. He asserts an evidentiary hearing is required, but his arguments of actual innocence are based on the evidence presented at trial. In other words, there is no new evidence of actual innocence not considered by the state courts. The state courts dismissed his successive PCR because petitioner failed to present meritorious reasons substantiating this claim. (R&R at 6) (explaining appellate court's reasons for affirming dismissal, pursuant to AZ R. Crim. P. 32.2(b)). The Magistrate Judge recommends this Court find this claim is barred because the state court found it defaulted on state grounds,

which this Court agrees was "an independent and adequate state procedural ground, which bars the claim from review in this Court." (R&R at 6.)

<u>Claim 3:</u>   Petitioner objects to any of the five IAC claims lodged against his trial counsel being procedurally defaulted. The Magistrate Judge reached the merits of three arguments that trial counsel was ineffective. The Petitioner's objections do not reach the Magistrate Judge's assertion that Petitioner's claims fail on the merits as follows: 3(c) IAC for failing to have his trial severed from his co-defendants; 3(d) IAC for failing to challenge the in-court identification of him by witness Nasr, and 3(e) IAC for failing to advocate actual innocense. Because Petitioner's objections do not include arguments related to these recommendations, the Court does not address the merits of the claims, here.. Additionally, the Court is satisfied that there is no clear error on the face of the record in respect to the Magistrate Judge's recommendation to deny on the merits Petitioner's subclaims 3(c) through (e) against his trial counsel.

The Magistrate Judge recommends this Court deny subclaims 3(a) and (b) as procedurally defaulted. In the first PCR the Petitioner raised subclaim 3(a): trial counsel was ineffective by failing to challenge the seizure of the taxi in his first PCR. The PCR court denied the claim on the merits, but Petitioner did not seek appellate review on the merits of the PCR court's rulings. Instead, he sought review of the PCR court's denial of his motion for reconsideration. As noted above in this Court's discussion of Petitioner's Claim 1, when Petitioner filed his petition for review it was denied by the appellate court as untimely because it was filed after February 10, 2012. In subclaim 3(b), Petitioner presents an entirely new IAC claim, not ever presented to any state court. He now asserts that trial counsel failed to challenge his arrest. Consequently, subclaims 3(a) and 3(b) were never fairly presented to the Arizona Court of Appeals. The Magistrate Judge correctly found that "if Petitioner were to return to state court now to litigate these claims, they would be found waived and untimely under Rule 32.2(a)(3) and 32.4(a) of the Arizona Rules of Criminal Procedure." (R&R at 7-8.) "Therefore, subclaims (a) and (b) are technically exhausted but procedurally defaulted." *Id.*

<u>Claim 4</u>:  Petitioner's Claim 4 is similarly situated to subclaim 3(b).  He never raised a due process claim in the state courts.  Aside from the fact that the claim fails because it is a mere conclusory assertion of a due process violation, if Petitioner were to return to the state courts now to litigate it, Rules 32.2(a)(3) and 32.4 would apply and it would be found waived and untimely.  Therefore, the Magistrate Judge is correct that in addition to Claim 4 failing because it does not state specific facts to warrant habeas relief, Claim 4 is technically exhausted, but procedurally defaulted.  (R&R at 9-10.)

<u>Exhaustion and Procedural Default</u>:  The Magistrate Judge properly applied the law of exhaustion and procedural default.  "The Court will not review the merits of a procedurally defaulted claim unless a petitioner demonstrates legitimate cause for the failure to properly exhaust the claim in state court and prejudice from the alleged constitutional violation, or shows that a fundamental miscarriage of justice would result if the claim were not heard on the merits in federal court."  (R&R at 5.)

The Magistrate Judge considered Petitioner's assertion that the state courts caused his defaults because they wrongly dismissed his PCR appeal as untimely when the PCR Court had granted him an extension.  This explanation only applies to the issue he raised in his PCR, subclaim 3(a): failure to challenge the seizure of the taxi.  The Court notes that both the PCR Court and the Arizona Court of Appeals treated the extension as only applying to the time for filing a motion for reconsideration, not the time to petition for review of the PCR.  The Court agrees with the Magistrate Judge that the PCR court made it clear when it granted the extension that the petition for review was due on February 10, 2012.  Furthermore, the motion for rehearing was denied on February 1 so even if the motion extended the deadline for filing the appeal by 30 days or to March 1, the petition for review was not filed until March 26.  The Court agrees with the Magistrate Judge that this not a legitimate cause for Petitioner's failure to appeal the issues he raised in his PCR.(R&R at 10-11.)

The Court agrees with the Magistrate Judge that Petitioner failed to demonstrate a fundamental miscarriage of justice because his assertion of actual innocence is premised on evidence that was presented at trial. (R&R at 11 (citing Petition (Doc. 1) at 53-54, 56; Reply (Doc. 17) at 4)). Successful claims of actual innocence are rare because a credible claim of constitutional error must be supported "with new reliable evidence . . . that was not presented at trial. (R&R at 11 (quoting *Schlup v. Delo*, 513 U.S. 298, 324 (1995).

In his Objection to the R&R, the Petitioner argues that "any delay was not petitioner's fault and caused prejudice in seeking relief. Defendant's attorney was neglectful in failing to file IA claims and the claims presented herein and preserve the claims or record for appeal." (Objection (Doc. 25) at 6-7 (relying on *Martinez v. Ryan*, 132 S.Ct. 1309, 1315 (2012)).

Under *Martinez*, Petitioner may establish cause for his procedural default of an ineffective assistance claim by demonstrating two things: (1) counsel in the initial review collateral proceeding, where the claim should have been raised, was ineffective, and (2) the underlying ineffective-assistance-of-trial-counsel claim is a substantial one, in other words– the claim has some merit. *Cook v. Ryan,* 688 F.3d 598, 607 (9th Cir. 2012) (quoting *Martinez,* 132 S.Ct. at 1318) (internal citations omitted); *see Clabourne v. Ryan,* 745 F.3d 362, 377 (9th Cir. 2014); *Dickens v. Ryan,* 740 F.3d 1302, 1319–20 (9th Cir. 2014) (en banc); *Detrich v. Ryan,* 740 F.3d 1237 (9th Cir. 2013) (en banc); *Sexton v. Cozner,* 679 F.3d 1150, 1157 (9th Cir. 2012).

As this Court has already noted, Petitioner was not represented by counsel in the collateral proceeding, but assuming *Martinez* nevertheless applies, the Court examines the question of whether any defaulted underlying IAC claim against trial counsel was substantial under the standard stated in *Strickland v. Washington*, 466 U.S. 668 (1984). Petitioner must show that "counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment," and that counsel's errors "deprive[d] the defendant of a fair trial, a trial whose result is reliable." *Id.* at 687.

As to subclaim 3(b), failure to challenge Gibson's arrest, the Petitioner fails to explain the basis for his assertion of error. In other words, what legal or factual arguments should trial counsel have mad to challenge his arrest. As the Court has already noted Claim 4 fails because he alleges no more than the conclusory assertion of a due process violation. Both Claim 4 and subclaim 3(b) fail for the same reason. As alleged by Petitioner, neither of these underlying IAC claims are substantial.

## CONCLUSION

After *de novo* review of the issues raised in Defendant's Objection, this Court agrees with the findings of fact and conclusions of law made by the Magistrate Judge in his R&R for determining the Petition for Writ of Habeas Corpus. The Court adopts the R&R, and for the reasons stated in the R&R, the Court denies Defendant's Petition.

**Accordingly,**

**IT IS ORDERED** that after a full and independent review of the record in respect to the objections, the Magistrate Judge's Report and Recommendation (Doc. 24) is accepted and adopted as the findings of fact and conclusions of law of this Court.

**IT IS FURTHER ORDERED** that the Petition for Writ of Habeas Corpus (Doc. 1) is DENIED.

**IT IS FURTHER ORDERED** that the Clerk of the Court shall dismiss this action with prejudice and enter judgment accordingly.

**IT IS FURTHER ORDERED** that in the event Petitioner files an appeal, the Court declines to issue a certificate of appealability, pursuant to Rule 11(a) of the Rules Governing Section 2254 cases, because reasonable jurists would not find the Court's procedural rulings debatable, and Petitioner has not made a substantial showing of the denial of a constitutional right.

DATED this 10th day of June, 2015.

David C. Bury
United States District Judge